IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HUBBARD J. TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:03cv953-M |
| | ) [WO] |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION**

This matter is before the court on the defendant's ["Commissioner"] Motion to Reconsider (Doc. # 20) the court's previous order (Doc. # 19) denying the Commissioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59 ["Motion to Alter or Amend"] (Doc. # 16) on the grounds that the motion was untimely. For the reasons stated herein, the Commissioner's motion is granted, and the court's previous order (Doc. # 19) is vacated.

Final judgment was entered in this case on 20 April 2004 (Doc. # 15). On 4 May 2004, 14 calendar days after judgment was entered, the Commissioner filed her Motion to Alter or Amend (Doc. # 16), which the court found to be untimely because it exceeded the relevant rule's 10-day time limitation for filing such motions. FED. R. CIV. P. 59(e). As the Commissioner correctly notes, the court's calculation included the intervening Saturdays and Sundays, which was error. FED. R. CIV. P. 6(a); *see also* FED. R. CIV. P. 59 advisory committee's note, 1995 Amendments ("It should also be noted that under Rule 6(a)

Saturdays, Sundays, and legal holidays are excluded in measuring the 10-day period . . ..").

Excluding Saturdays and Sundays, the correct deadline for filing a motion pursuant to Rule 59 was 4 May 2004.

## CONCLUSION

Therefore, is hereby

ORDERED as follows:

    1)    the Commissioner's Motion to Reconsider (Doc. # 20) is GRANTED;

        and

    2)    this court's order dated 21 May 2004 (Doc. # 19) is VACATED.

DONE this 1st day of December, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE