IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HUBBARD J. TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03cv953-VPM |
| ) | [WO] |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION**

This matter is before the court on Plaintiff's motion for attorney fees (Doc. # 21) pursuant to the Equal Access to Justice Act ["EAJA"]. 28 U.S.C. § 2412 (2000). The defendant ["Commissioner"] does not object to the amount requested (Doc. # 23). For the reasons stated herein, the motion is granted.

**DISCUSSION**

On 20 April 2004, the court entered an order reversing and remanding a final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) (2004). Thus, the plaintiff is the prevailing party, and the court finds that the government's position was not substantially justified. In addition, the plaintiff's application for fees, which was filed within

thirty days after the deadline for appealing the court's judgment, was timely.[1]  All that remains for the court to consider is the amount to award.  28 U.S.C. § 2412(d).

The EAJA establishes a fee cap of $125 per hour, which the court may adjust upward to account for inflation or other "special factor[s]".  *Id.* at § 2412(d)(2)(A).  To determine the appropriate amount, courts in the Eleventh Circuit must engage in a two-step analysis.  ***Meyer v. Sullivan***, 958 F.2d 1029, 1033 (11th Cir. 1992).  First, the court must determine whether "prevailing market rates for the kind and quality of the services furnished" exceeds the $125 cap.  *Id.*  If so, the court may determine whether an upward adjustment is necessary.

Plaintiff's counsel has submitted uncontested evidence that leads the court to conclude that the prevailing market rate for his attorney's services are well above both the statutory ceiling and the amount the plaintiff is actually seeking ($1769.17 for 11.9 attorney hours, which results in an hourly rate of $148.67).  Furthermore, the court takes judicial notice of opinions that have approved similar fees in this area.  *See*, *e.g.*, ***East v. Barnhart***, No. 3:04cv624, 2005 WL 1703102 (M.D. Ala. July 18, 2005) ($151.13); ***Thornton v. Barnhart***, No. 03cv683 (M.D. Ala. May 3, 2005) ($191); ***Ballard v. Barnhart***, 329 F. Supp. 2d 1278 (N.D. Ala. 2004) ($147.63).  Therefore, the hourly fee sought is reasonable.

No special factors have been alleged, but the court finds that the increase in the cost

---

[1] The only objection offered by the defendant was that the plaintiff's motion was not timely because at the time the motion was filed the court had not ruled on the defendant's post-judgment motion to alter or amend the judgment (Doc. # 16), a motion the court subsequently denied (Doc. # 25).  Although the plaintiff's motion was filed before the court's ruling on the defendant's motion to alter or amend, it views the plaintiff's motion as having been timely filed.  To conclude otherwise would serve no purpose other than delay, a result that is indefensible, especially since the defendant expressly does not object to the amount sought by the plaintiff (Doc. # 23).

of living since the EAJA was amended in 1996 to raise the fee cap to $125 merits an inflationary adjustment. In calculating the appropriate adjustment, however, the court must avoid imposing an impermissible interest charge on the United States. *See* **Library of Congress v. Shaw**, 478 U.S. 310, 106 S. Ct. 2957, 92 L. Ed. 2d 250 (1986) (discussing the no-interest rule); **Sorenson v. Mink**, 239 F.3d 1140, 1148-49 (9th Cir. 2001) (holding that the EAJA's allowance for an inflationary adjustment was not an express waiver of sovereign immunity from interest charges); **Kerin v. U.S. Postal Svc.**, 218 F.3d 185, 194 (2d Cir. 2000) (same); **Masonry Masters, Inc. v. Nelson**, 105 F.3d 708, 710-714 (D.C. Cir. 1997) (same); **Marcus v. Shalala**, 17 F.3d 1033, 1038-40 (7th Cir. 1994) (same); **Perales v. Casillas**, 950 F.2d 1066 (5th Cir. 1992); **Chiu v. U.S.**, 948 F.2d 711, 719-22 (Fed. Cir. 1991); *see also* **U.S. v. Aisenberg**, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004).

The requested hourly fee reflects a base rate of $125 per hour with an adjustment based on the Consumer Price Index ["CPI"] for All Urban Consumers in September, 2003, the month plaintiff's counsel began accounting for her time, which is the appropriate reference point for calculating the upward adjustment. *East*, 2005 WL 1703102, at *5 (concluding that the inflationary adjustment should be based on the CPI for the month in which counsel began accounting for his or her services in a particular case). Therefore, the court is satisfied that the hourly fee sought does not risk charging the United States interest.

Finally, the court has reviewed the itemized accounting plaintiff's counsel has submitted, and the time spent on the specified tasks does not appear to be excessive.

**CONCLUSION**

Accordingly, it is the ORDER, JUDGMENT, and DECREE of this court that the plaintiff's motion be GRANTED in the amount of $1769.17 for attorney fees.

DONE this 22nd day of March, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE